UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

CURTIS EUGENE ADDISON, JR.,

        Petitioner,                   Case No. 2:24-cv-118

v.                                       Honorable Jane M. Beckering

JAMES CORRIGAN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

**I.      Factual Allegations**

Petitioner Curtis Eugene Addison, Jr., is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility in Kincheloe, Chippewa County, Michigan. Petitioner pleaded *nolo contendere* in the Saginaw County Circuit Court to armed robbery causing serious injury and use of firearm during the commission of a felony (felony-firearm). On September 1, 2016, the Saginaw County Circuit Court sentenced Petitioner to consecutive prison terms of 10 to 20 years' incarceration for the armed robbery causing serious injury conviction and two years' incarceration for the felony-firearm conviction. (*See* Petition, ECF No. 1, PageID.1); *see also* Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=982065 (last visited Sept. 20, 2024).

The Court received Petitioner's present habeas petition on July 19, 2024. (*See* Petition, ECF No. 1, PageID.1.) However, under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on July 16, 2024. (*See* Petition, ECF No. 1, PageID.15.) Giving Petitioner the benefit of the earliest possible filing date, the Court will deem July 16, 2024, as the date Petitioner filed his habeas corpus petition. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

**II.     Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism

2

and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.  Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). On February 27, 2017, Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on April 13, 2017, "for lack of merit in the grounds presented." *See* Order, *People v. Addison*, No. 337185 (Mich. Ct. App. Apr. 13, 2017), https://www.courts.michigan.gov/c/courts/coa/case/337185 (last visited Sept. 20, 2024). Petitioner did not seek leave to appeal to the Michigan Supreme Court.

3

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner's conviction became final on Thursday, June 8, 2017. Petitioner had one year from that date,[1] until June 8, 2018, to file his habeas application. Petitioner filed the present petition on July 16, 2024. Thus, absent tolling, his application is time-barred.

### B. Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[1] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

4

Petitioner reports that he filed a motion for relief from judgment in the Saginaw County Circuit Court; however, Petitioner does not indicate the date on which he filed the motion. (*See* Petition, ECF No. 1, PageID.3 (writing "N/A" when prompted to provide the "Date you filed" a motion for relief from judgment).) Petitioner provides the Michigan Court of Appeals case number for the appeal of the Saginaw County Circuit Court's denial of his motion for relief from judgment—case number 364702. (*See id.*) In that case, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on May 17, 2023, "because [Petitioner] failed to establish that the trial court erred in denying the successive motion for relief from judgment."[2] *See* Order, *People v. Addison*, No. 364702 (Mich. Ct. App. May 17, 2023), https://www.courts.michigan.gov/c/courts/coa/case/364702 (last visited Sept. 20, 2024). Although not reported by Petitioner in his present petition, it appears that Petitioner first filed a motion for relief from judgment in the Saginaw County Circuit Court in June of 2021. *See* Saginaw County Circuit Court Case Information, https://odysseycourtinformation.saginawcounty.com/Portal/Home/Dashboard/29 (enter "16-042175-fc" in the Record Number search bar) (last visited Sept. 20, 2024).

However, Petitioner's June 2021 motion could not toll the period of limitations because the limitations period had already expired. The tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted).

---

[2] Petitioner filed a motion in the Saginaw County Circuit Court, which he styled as a motion to withdraw guilty plea, in September of 2022, and the court denied the motion in October of 2022. *See* Saginaw County Circuit Court Case Information, https://odysseycourtinformation.saginawcounty.com/Portal/Home/Dashboard/29 (enter "16-042175-fc" in the Record Number search bar) (last visited Sept. 20, 2024). The denial of this motion appears to have been the subject of Petitioner's appeal in Michigan Court of Appeals case number 364702. *See* Case Information, *People v. Addison*, No. 364702, https://www.courts.michigan.gov/c/courts/coa/case/364702 (last visited Sept. 20, 2024) (indicating that the Saginaw County Circuit Court's October 27, 2022, opinion was the "Order Appealed From").

When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*. Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See McClendon v. Sherman*, 329 F.3d 490, 493–94 (6th Cir. 2003). Because Petitioner's one-year period expired in June of 2018, a collateral motion filed in June of 2021 would not serve to revive the limitations period.

### C. Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit has repeatedly cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quoting *Rose v. Dole*, 945 F.2d 1331,

6

1335 (6th Cir. 1991))). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent (*see, e.g.*, Br., ECF No. 2, PageID.43), he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

### Conclusion

The United States Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.

*See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An Order consistent with this Opinion will be entered.

Dated:     September 24, 2024                         /s/ Jane M. Beckering
                                                      Jane M. Beckering
                                                      United States District Judge